**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONALD EUGENE MALLORY,

                       Petitioner,                  Case No. 2:26-cv-10913

v.                                         Hon. Brandy R. McMillion
                                            United States District Judge

TROY CHRISTMAN,

                       Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Federal inmate Donald Eugene Mallory filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his Genesee Circuit Court jury trial conviction of first-degree murder and other offenses. *See* ECF No. 1.  Mallory's habeas petition claims that his rights under the Due Process Clause were violated when the prosecutor knowingly presented false testimony at trial.  ECF No. 1, PageID.3-4.  Because Mallory has not exhausted his state court remedies prior to filing his federal petition, the petition is **SUMMARILY DISMISSED**.

**I.**

On March 10, 2026, following a jury trial, Mallory was convicted of felony murder, felony firearm, armed robbery, felon in possession of firearm, and felon in

possession of ammunition.  *See* ECF No. 1, PageID.2.  He was sentenced to a mandatory term of life imprisonment without the possibility of parole.  *Id.*  He now petitions the Court for a review of his sentence and conviction as a violation of the Due Process Clause of the Fourteenth Amendment pursuant to 28 U.S.C. § 2254. *Id.*

## II.

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases.  If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition.  28 U.S.C. § 2254(b)(1); *Davis v. Jenkins,* 115 F.4th 545, 554 (6th Cir. 2024), *reh'g denied*, No. 21-3404, 2024 WL 4661855 (6th Cir. Oct. 15, 2024).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To fulfill the exhaustion requirement, a petitioner must fairly

present his federal claims to all levels of the state appellate system, including the state's highest court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).  Petitioner bears the burden of showing he has exhausted his state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The Court can raise exhaustion on its own when it clearly appears that habeas claims have not been presented to the state courts. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Mallory has not satisfied the exhaustion requirement.  Indeed, Mallory was just sentenced on March 9, 2026.  Mallory has a state court remedy available to him in the form of a direct appeal.  *See* MICH. CT. RULE 7.103(A)(1).  The procedure for initiating a direct appeal and for the appointment of appellate counsel was explained to Mallory at his sentencing hearing.  *See* MICH. CT. RULE 6.425(G); Genesee Case No. 2021-48607-FC, Event No. 236.

Though it appears from the trial court docket that Mallory has not yet commenced a direct appeal by requesting the appointment of appellate counsel, he still has a short window of time to do so.  *See* MICH. CT. RULE 7.104(A)(3). Failing that, Mallory may still file a delayed application for leave to appeal in the Michigan Court of Appeals within six months of his sentencing.  *See* MICH. CT. RULE 7.104(G).  As such, Mallory still has time to present his claim to the state court to satisfy the exhaustion requirement.  Therefore, Malloy's petition is improperly before the Court.

### III.

For the reasons stated, Mallory's claim is not cognizable on federal habeas review, as he has not exhausted his state court remedies. Consequently, upon preliminary review, it plainly appears from the face of the petition and the attached exhibits that Mallory is not entitled to relief in this Court.

Accordingly, **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Court's disposition of the case is not reasonably debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

**IT IS SO ORDERED.**

Dated: March 23, 2026          s/Brandy R. McMillion
      Detroit, Michigan           HON. BRANDY R. MCMILLION
                                        United States District Judge